# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-19 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Darnell Deshawn Stennis, | |
| Defendant. | |

Evan Gilead, Esq., Assistant United States Attorney, counsel for Plaintiff.

Paul Appelbaum, Esq., Assistant Federal Defender, counsel for Defendant.

This matter is before the Court on Defendant Darnell Deshawn Stennis's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant plans to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant

bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3 if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant has filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with his discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 **(Doc. No. 20)** is **GRANTED**.

2. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant states that he is also seeking impeachment evidence that may be used against any government witness, including records of conviction and promises or inducements to witnesses in exchange for testimony or information to be used against Defendant. The Government agrees to provide any exculpatory information as it comes to light, to the extent required by *Brady*, *Giglio*, and their progeny. The Government also agrees to provide information on its witnesses, including impeachment evidence, fourteen days before trial.

Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 25)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*,

and their progeny. Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order, and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. The Government shall also disclose witness information, including impeachment evidence, fourteen days prior to trial.

    **3.**    **Defendant's Motion for Government Agents to Retain Rough Notes.**
Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. The Government does not object to the motion. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes **(Doc. No. 26)** is **GRANTED** to the extent that agents retained such records while investigating Defendant. Disclosure of rough notes is not required by this Order.

    **4.**    **Defendant's Motion for Early Disclosure of Jencks Act Material.**
Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least two weeks prior to the testimony of each Government witness. The Government objects to this motion. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said

witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 21)** is **DENIED**. However, nothing in this Order precludes the Government from making Jencks Act material available to Defendant three days prior to trial, as is customary in this District.

5. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of the search and seizure on the following grounds: (1) the search warrant issued in this case lacked a sufficient showing of probable cause in the supporting affidavit; and (2) any searches and seizures at Defendant's hotel room on the day he was arrested were conducted without a warrant, without probable cause, and absent any exigent circumstances. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **September 1, 2020**, and the Government shall file its response by **September 15, 2020**. The Court will take Defendant's Pretrial Motion to Suppress Fruits of Unlawful Search and Seizure **(Doc. No. 28)** under advisement on **September 15, 2020**, and issue a **Report and Recommendation** to the District Court.

7. **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant moves the court for an order compelling the Government to disclose materials pursuant to Rule 16(a)(1)(G). The Government responds that it is amenable to reciprocal expert disclosures three weeks prior to trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 29)** is **GRANTED**. Both parties' experts shall be disclosed pursuant to Rule 16(a)(1)(G) no later than twenty-one days prior to trial.

**8.     Defendant's Motion to Suppress Statement.** Defendant seeks an order suppressing any statements alleged to have been made by Defendant while in custody at the Hennepin County jail. Specifically, Defendant argues that the statements in question were the product of a custodial interrogation and that Defendant did not knowingly, voluntarily, and intelligently waive his rights under the Fifth and Sixth Amendments before making the statements in question. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **September 1, 2020**, and the Government shall file its response by **September 15, 2020**. The Court will take Defendant's Pretrial Motion to Suppress Fruits of Unlawful Search and Seizure **(Doc. No. 30)** under advisement on **September 15, 2020**, and issue a **Report and Recommendation** to the District Court.

**9.**     The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Patrick J. Schiltz.

Date:  August 4, 2020

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

5