UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20 CR 0019 (PJS/BRT) |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| DARNELL DESHAWN STENNIS, | |
| Defendant. | |

---

## I.  INTRODUCTION

### Instruction No. 1.

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well the instructions I give now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of the instructions I gave at the beginning of trial and during trial are not repeated here.

The instructions I am about to give are in writing and will be available to you in the jury room.  This does not mean, however, that these instructions are any more important than my earlier instructions.  Again, you must follow all of my instructions, whenever given and whether in writing or not.

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion about what your verdict should be. You are the sole judges of the evidence received in this case.

### Instruction No. 2.

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you think the law is different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

### Instruction No. 3.

If any reference by the parties or by me to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the parties or me.

You are the sole judges of the evidence received in this case.

### Instruction No. 4.

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things that were received as exhibits, and the facts that have been stipulated (that is, formally agreed to by the parties).

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by a lawyer are not evidence.

2. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection; you should not, for example, be prejudiced in any way against a lawyer who makes an objection or the party whom he or she represents. If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

3. Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence and must not be considered.

4. Exhibits that were identified by a party but were not offered or received in evidence are not evidence.

5. Anything you saw or heard about this case outside the courtroom is not evidence.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

### Instruction No. 5.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testified about, their memory, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mistake or lapse of memory, or an intentional falsehood, and that may depend on whether the contradiction relates to an important fact or only a small detail.

### Instruction No. 6.

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different from or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during trial. It is your responsibility to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a witness is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of that witness concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her

testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

### Instruction No. 7.

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

### Instruction No. 8.

Attempts by a defendant to conceal, destroy, or make up evidence or to influence a witness in connection with crimes charged in this case may be considered by you in light of all the other evidence in the case. You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

### Instruction No. 9.

You have heard the testimony of law enforcement officers. The testimony of law enforcement officers should be considered by you just as any other evidence in this case, and in evaluating their credibility you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser weight to the testimony of a witness merely because he or she is a law enforcement officer.

### Instruction No. 10.

You have heard recordings of phone calls and viewed transcripts of the recordings. Those transcripts also undertook to identify the speakers engaged in the conversation.

The transcripts were for the limited purpose of helping you follow the conversation as you listened to the recording, and also to help you keep track of the speakers. Differences in meaning between what you heard in the recording and read in the transcripts may be caused by such things as the inflection in a speaker's voice. It is what you heard, however, and not what you read, that is the evidence.

### Instruction No. 11.

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

### Instruction No. 12.

The superseding indictment — or, more simply, "the indictment" — charges the defendant with five different crimes. Counts 1 and 2 charge that the defendant committed the crime of sex trafficking by force, fraud, or coercion. Counts 3 and 4 charge that the defendant committed the crime of transporting individuals to engage in prostitution. Count 5 charges the defendant with obstructing the enforcement of the federal law against sex trafficking. The number of charges is not evidence of guilt, and this should not influence your decision in any way.

The indictment is simply the formal method of accusing the defendant of the offenses. It is not evidence of any kind against the defendant.

The defendant has pleaded "not guilty" to each of the crimes charged.

Please remember that only the defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crime charged, not for anything else.

Also keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

### Instruction No. 13.

You must presume the defendant to be innocent of the crimes charged in the indictment. Thus the defendant, although accused of crimes in the indictment, began the trial with a "clean slate" — with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant, and can be overcome as to a crime only if the government proves, beyond a reasonable doubt, each element of that crime.

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross examining the witnesses called by the government.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of a crime charged in the indictment, you must find the defendant not guilty of that crime. If you view the evidence in the case as reasonably permitting either of two conclusions   one of innocence of a crime, the other of guilt   you must, of course, adopt the conclusion of innocence of that crime.

### Instruction No. 14.

The indictment charges that the offenses were committed "on or about" certain dates or "in or about" certain months. The government must prove that the offense happened reasonably close to that date or timeframe, but the government is not required to prove the alleged offense happened on that exact date.

### II. SEX TRAFFICKING BY FORCE, FRAUD, OR COERCION

### Instruction No. 15.

The crime of sex trafficking by force, fraud, or coercion, as charged in Count 1 of the indictment, has three elements, which are:

*One*, from in or about January 2019 through in or about March 2019, in the State and District of Minnesota and elsewhere, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, or maintained by any means Apryl Rogan;

*Two*, when the defendant engaged in that conduct during that time, [1] he knew or [2] except where the act constituting the conduct in element one is advertising, he was in reckless disregard of the fact that force, threats of force, fraud, coercion, or any combination of these means would be used to cause Apryl Rogan to engage in a commercial sex act; and

*Three*, the offense was in or affected interstate commerce.

The defendant is also charged in Count 1 with attempting to commit sex trafficking of a person by force, fraud, or coercion. The defendant is guilty of attempting this crime if he both [1] intended to commit the crime and [2] voluntarily and intentionally carried out some act that was a substantial step toward the crime.

If the government has proved beyond a reasonable doubt either all three of the elements of the crime charged in Count 1 or that the defendant attempted to commit that crime, then you must find the defendant guilty on Count 1. All of you must agree that the government has proved all three elements of the crime charged in Count 1, or all of you must agree that it has proved attempt. Otherwise, you must find the defendant not guilty on Count 1.

### Instruction No. 16.

The crime of sex trafficking by force, fraud, or coercion, as charged in Count 2 of the indictment, has three elements, which are:

*One*, from in or about May 2019 through in or about November 2019, in the State and District of Minnesota and elsewhere, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, or maintained by any means Apryl Rogan;

*Two*, when the defendant engaged in that conduct during that time, [1] he knew or [2] except where the act constituting the conduct in element one is advertising, he was in reckless disregard of the fact that force, threats of force, fraud, coercion, or any combination of these means would be used to cause Apryl Rogan to engage in a commercial sex act; and

*Three*, the offense was in or affected interstate commerce.

The defendant is also charged in Count 2 with attempting to commit sex trafficking of a person by force, fraud, or coercion. The defendant is guilty of attempting this crime if he both [1] intended to commit the crime and [2] voluntarily and intentionally carried out some act that was a substantial step toward the crime.

If the government has proved beyond a reasonable doubt either all three of the elements of the crime charged in Count 2 or that the defendant attempted to commit that crime, then you must find the defendant guilty on Count 2.  All of you must agree that the government has proved all three elements of the crime charged in Count 2, or all of you must agree that it has proved attempt.  Otherwise, you must find the defendant not guilty on Count 2.

Remember that, even though the elements of Counts 1 and 2 are similar, you must give separate and individual consideration to each count.  The fact that you find the defendant guilty or not guilty on one count must not control your verdict as to any other count.

### Instruction No. 17.

Let me clarify what I mean by the phrase, "except where the act constituting the conduct in element one is advertising," in element two of Counts 1 and 2.

To find the defendant guilty of sex trafficking by force, fraud, or coercion, you do not need unanimously to agree on which particular means the defendant used to commit the offense   that is, "recruited," "enticed," "harbored," etc.  It is enough that each juror concludes that at least one of the identified means was used during the time period charged in the count.

But an instance of advertising Apryl Rogan counts for guilt *only if* the defendant, when he engaged in that advertising, *knew* that force, threats of force, fraud, coercion, or any combination of these means would be used to cause Apryl Rogan to engage in a commercial sex act.  If the defendant advertised her while only in *reckless disregard* of that fact, that advertising does not count.

### Instruction No. 18.

I will now give some further instruction on the meanings of terms in the elements for Counts 1 and 2.  Unless I define a term in this or another instruction, give the ordinary meaning to terms in the elements of a crime.

A person "recklessly disregards" a fact within the meaning of this offense when he is aware of, but consciously, deliberately or carelessly ignores facts and circumstances that would reveal that force, threats of force, fraud, or coercion would be used to cause a person to engage in a commercial sex act.

The term "coercion" means threats of serious harm to or physical restraint against any person; any scheme, plan, or pattern intended to cause a person to believe

that failure to perform an act would result in serious harm to or physical restraint against any person; or the abuse or threatened abuse of law or the legal process.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The term "commerce" includes, among other things, travel, trade, transportation, and communication.

In determining whether the defendant's conduct was "in or affecting interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether the defendant's conduct substantially affected interstate commerce by virtue of the fact that the defendant purchased items that had moved in interstate commerce.

In the instruction for attempt, a "substantial step" must be something more than mere preparation, yet it may be less than the last act necessary before the actual commission of the substantive crime.  In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

### III.  INTERSTATE TRANSPORTATION OF A PERSON TO ENGAGE IN PROSTITUTION

**Instruction No. 19.**

The crime of interstate transportation of a person to engage in prostitution, as charged in Count 3 of the indictment, has two elements, which are:

*One*, from on or about March 21, 2019, through on or about March 25, 2019, the defendant knowingly transported Apryl Rogan from Minnesota to North Dakota; and

*Two*, the defendant did so with the intent that Apryl Rogan engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.

If the government has proved beyond a reasonable doubt both of these elements, then you must find the defendant guilty on Count 3.  Otherwise, you must find the defendant not guilty on Count 3.

### Instruction No. 20.

The crime of interstate transportation of a person to engage in prostitution, as charged in Count 4 of the indictment, has two elements, which are:

*One*, from on or about March 21, 2019, through on or about March 25, 2019, the defendant knowingly transported April James from Minnesota to North Dakota; and

*Two*, the defendant did so with the intent that April James engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.

If the government has proved beyond a reasonable doubt both of these elements, then you must find the defendant guilty on Count 4.  Otherwise, you must find the defendant not guilty on Count 4.

Remember that, even though the elements of Counts 3 and 4 are similar, you must give separate and individual consideration to each count.  The fact that you find the defendant guilty or not guilty on one count must not control your verdict as to any other count.

### Instruction No. 21.

I will now give some further instruction on the meanings of terms in the elements for Counts 3 and 4.  Remember that, unless I define a term in this or another instruction, give the ordinary meaning to terms in the elements of a crime.

To prove that the defendant "transported" a person in element one, the government does not need to prove that the defendant personally moved the person across a state line.  It is sufficient to satisfy this element that the defendant exercised a degree of direction and control over the transport, such as by purchasing the tickets necessary for the person to travel as planned.

The word "intent" in element two refers to a significant or motivating purpose of the travel across a state line.  A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. It is not necessary that engaging in prostitution be the *sole* purpose for transporting the

person across the state line.  But the prostitution must not have been merely incidental to the trip.

"Prostitution" is a crime in North Dakota.  Under North Dakota law, an adult is guilty of prostitution if he or she does any of the following:

1. Engages in sexual activity as a business;

2. Solicits another person with the intention of being hired to engage in sexual activity; or

3. Agrees to engage in sexual activity with another for money or other items of pecuniary value.

## IV.  OBSTRUCTING THE ENFORCEMENT OF THE FEDERAL LAW AGAINST SEX TRAFFICKING

### Instruction No. 22.

The crime of obstructing the enforcement of the federal law against sex trafficking, as charged in Count 5 of the indictment, has three elements, which are: From on or about March 25, 2019, through in or about October 2020, in the State and District of Minnesota and elsewhere,

*One*, the defendant was being investigated or prosecuted for sex trafficking by force, fraud, or coercion;

*Two*, the defendant knew of that investigation or prosecution; and

*Three*, the defendant voluntarily and intentionally acted in some way to obstruct, attempt to obstruct, interfere with, or prevent that investigation or prosecution.

If the government has proved all three elements beyond a reasonable doubt, then you must find the defendant guilty on Count 5.  Otherwise, you must find the defendant not guilty on Count 5.

To prove the defendant guilty of the crime charged in Count 5, the government need not prove that the defendant knew of the federal statute outlawing sex trafficking by force, fraud, or coercion (18 U.S.C. § 1591(a)), nor that the defendant was aware of the federal nature of the investigation or prosecution.  Nor must the government prove that the defendant is guilty of Count 1 or of Count 2.

## V.  CONCLUSION

### Instruction No. 23.

Several of the elements that I have read to you in these instructions require proof of intent or knowledge.

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence that may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

### Instruction No. 24.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members to serve as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict on a count   whether guilty or not guilty   must be unanimous.  In other words, all of you must agree as to that count.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Further, you must only discuss the case when all jurors are present in the jury room.  So if someone leaves the room for whatever reason, you must stop discussing the case until that person returns.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans for any party in this case.  You are judges   judges of the facts.  Your only job is to seek the truth from the evidence in the case.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, you must decide this case based solely on the evidence presented in court and the instructions that I give you. You must not do any research or any investigation on your own about anyone or anything involved in this case, including the parties, lawyers, and witnesses; the matters in dispute; and the applicable law. For example, you must not consult dictionaries or other reference materials; search the Internet, websites, or blogs; or use any other electronic tools to obtain information about this case or to help you decide this case. Again, you must decide this case based solely on the evidence that was presented in court and the instructions that I give you.

*Fifth,* during your deliberations, you must not communicate with anyone about this case, except, of course, your fellow jurors. I know that many of you use cell phones, smart phones, tablets, laptop computers, and other tools of technology. You must not use these devices to communicate electronically with anyone about this case, including your family and friends. That means that you must not call or text or email anyone about this case, and you must not communicate about this case on Facebook or Twitter or any other social media. You must not use any other type of technology to communicate about this case, even if I have not specifically mentioned it. Please let me know immediately if you become aware that any juror has violated these instructions.

*Sixth,* if you need to communicate with me during your deliberations, you may send a note to me through the court security officer who will be stationed outside of the door to the jury room. The note should be signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone   including me   how your votes stand numerically.

You should know that if you do send me a note, it could take me anywhere from ten minutes to two or three hours to respond. I will try to respond as soon as possible, but I may not be able to respond immediately because, for instance, I may be in a hearing or a meeting, or I may need to do legal research or consult with the attorneys before answering your question. I ask you to be patient and to understand that sometimes I may not be able to respond promptly to a note from you.

If you do not reach a verdict by the end of the day, I will send you a note shortly before 5:00 pm dismissing you and telling you when to return. If you would like to stay past 5:00 pm or return before 9:00 am on any particular day, please let me know as soon as possible so that we can make staffing arrangements.

*Seventh*, I emphasize again that your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. And, again, your verdict must be unanimous   all of you must agree. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take the verdict form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.