UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 20-CR-0019 (PJS/BRT)

                    Plaintiff,

v.                                                                MEMORANDUM

DARNELL DESHAWN STENNIS,

                    Defendant.

Joseph H. Thompson and Manda M. Sertich, UNITED STATES
ATTORNEY'S OFFICE, for plaintiff.

Daniel L. Gerdts, for defendant.

This matter came before the Court on defendant Darnell Deshawn Stennis's

motion to dismiss multiplicitous counts. The Court orally denied the motion at

Stennis's sentencing hearing, and this memorandum explains the basis of that denial.

Count 3 of the superseding indictment charged that:

> [f]rom on or about March 21, 2019 through on or about
> March 25, 2019, in the State and District of Minnesota and
> elsewhere, [Stennis] knowingly transported and caused to be
> transported, Victim A, or aided and abetted in the
> transportation of Victim A, in interstate commerce to and
> from the State of Minnesota to the State of North Dakota,
> with the intent that Victim A engage in a commercial sex act,
> for which a person can be charged with a criminal offense,
> and attempted to do so, all in violation of Title 18, United
> States Code, Sections 2421 and 2.

ECF No. 62 at 2.  Count 4 of the superseding indictment was identical, except that the name "Victim B" appeared in place of "Victim A."  *Id.* at 2–3.  Stennis argued that the two counts were multiplicitous under *Bell v. United States*, 349 U.S. 81 (1955).  The government agreed, but argued that Stennis had waived his multiplicity objection because he failed to bring it before the pretrial-motions deadline and did not show good cause for his omission.[1]

The defense of multiplicity "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3)(B)(ii).  If a defendant fails to assert a

_____

[1]The case law cited by the government in support of its position—specifically, *United States v. Shephard*, 4 F.3d 647, 650 (8th Cir. 1993) (citing *United States v. Garrett*, 961 F.2d 743, 748 n.7 (8th Cir. 1992))—is outdated.  Since 1993, there have been two shifts in the Eighth Circuit's treatment of untimely challenges to multiplicitous indictments.

Before the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993), the Eighth Circuit held that a defendant's failure to challenge multiplicity before the pretrial-motions deadline resulted in waiver of that claim.  *See, e.g., United States v. Herzog*, 644 F.2d 713, 716 (8th Cir. 1981).  After *Olano*, the Eighth Circuit began to treat defaulted pretrial motions as *forfeited*, not *waived*, and thus subject to plain-error review.  *See, e.g., United States v. Uder*, 98 F.3d 1039, 1045 (8th Cir. 1996); *United States v. Hinkeldey*, 626 F.3d 1010, 1012 (8th Cir. 2010).

Then, after Rule 12 was amended in 2014, the Eighth Circuit changed course again.  The court read the amended Rule 12 to require a defendant to show good cause before the defendant's untimely objection to multiplicity could be considered; otherwise, the objection would be deemed waived.  *United States v. Anderson*, 783 F.3d 727, 740–41 (8th Cir. 2015); *United States v. Fry*, 792 F.3d 884, 888–89 (8th Cir. 2015).  This is the rule currently in effect.

multiplicity objection prior to the deadline for filing pretrial motions, then the defense of multiplicity cannot be considered by the court unless the defendant "shows good cause." Fed. R. Crim. P. 12(c)(3); *see also United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021) ("Because this legal challenge to the indictment could have been asserted and decided before a trial on the merits, it is untimely and accordingly waived unless Mink can 'show[] good cause for the tardiness.'" (alteration in original) (quoting *United States v. Bravebull*, 896 F.3d 897, 899 (8th Cir. 2018)).

"'[G]ood cause' . . . requires a showing of cause and prejudice." *United States v. Fry*, 792 F.3d 884, 888 (8th Cir. 2015). Stennis can make neither showing.

As to cause: Stennis was first charged with the two counts in January 2020, ECF No. 14, and his former counsel filed several timely pretrial motions, none of which argued that Counts 3 and 4 were multiplicitous. ECF Nos. 25–31. Stennis suggests no reason why his former counsel could not have raised this issue before the pretrial-motions deadline. Moreover, Stennis's present counsel filed a number of motions in limine shortly before trial. *See* ECF Nos. 126–131. He also did not raise the multiplicity issue. Instead, counsel raised the issue for the first time after the jury had been selected, sworn, and given preliminary instructions, and just before the attorneys were to give their opening statements. Stennis suggests no reason why his present counsel could not have raised the issue before trial. Under the circumstances, the Court cannot find that

Stennis had cause for failing to timely raise the argument that Counts 3 and 4 were multiplicitous.

As to prejudice:  For a couple of reasons, Stennis did not suffer prejudice to his substantive rights as a result of the multiplicitous indictment:

*First*, the presence of both counts did not prejudice Stennis at trial.  Stennis testified at trial and freely admitted that he was guilty of both Counts 3 and 4, and Stennis's attorney told the jurors that they should convict on both counts.  ECF No. 179 at 32; ECF No. 181 at 191; ECF No. 182 at 34–35.  Moreover, the Court instructed the jury not to let its decision on one count influence its decision on any other count.  ECF No. 153 at 5 (instruction 12).

*Second*, the presence of both counts also did not prejudice Stennis at sentencing. The Court explicitly treated "Counts 3 and 4 [as] merge[d]" for purposes of sentencing. ECF No. 216 at 5.  The Court further explained at the sentencing hearing that

> it does not matter for purposes of calculating the guidelines range whether Count 3 or Count 4 is disregarded.  If Count 3 is disregarded, then Count 4 will be grouped separately, but it will not add to the total offense level under the grouping rules.  If Count 4 is disregarded, then Count 3 will be grouped together with Counts 1 and 5 and will not affect the offense level for that group.  I will therefore ignore Mr. Stennis' conviction on Count 4 in determining his sentence.

*Id.* at 5–6.

*Finally*, and most importantly, a waiver of a challenge to a multiplicitous indictment does not imply a waiver of the Fifth Amendment right not to be punished twice for the same offense. *Launius v. United States*, 575 F.2d 770, 772 (9th Cir. 1978); *United States v. Rosenbarger*, 536 F.2d 715, 721–22 (6th Cir. 1976). And as noted, the Court took pains at sentencing to ensure that Stennis was not punished twice for the same offense. *See* ECF No. 216 at 5 ("As an initial matter, . . . I will dismiss the conviction on Count 4 for purposes of sentencing. That is because Counts 3 and 4 are multiplicit[ou]s. That is, they charge a single offense in two counts and, thus, the double jeopardy clause bars punishing Mr. Stennis separately for each conviction.").

In sum, because Stennis did not show cause for his untimely motion or prejudice from the multiplicitous counts, his motion to dismiss one of those counts was denied.

Dated: June 21, 2022

   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

-5-